Prob12C
DMA (3/2005)

# United States District Court
## for the District of Massachusetts
### Second Amended Petition and Affidavit for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Erin Marie Eckert        **Case Number:** 05-10207

**Name of Sentencing Judicial Officer in D/NM:**        Honorable Robert C. Brack
                                                        U.S. District Judge

**Name of Judicial Officer in D/MA:**                   Honorable Nancy Gertner
                                                        U.S. District Judge

**Date of Original Sentence:** 6/6/05

**Original Offense:**   Count I:   Conspiracy, 21 U.S.C. §846;
                        Count II:  Possession With Intent to Distribute 50 Kilograms and More of Marijuana, 21 U.S.C. §841(b)(1)(C).

**Original Sentence:** 3 Years Probation

**Type of Supervision:** Probation        **Date Supervision Commenced:** 6/6/05

**Asst. U.S. Attorney:** To be assigned        **Defense Attorney:** Cathryne Byrne

---

## PETITIONING THE COURT

It is noted that on 5/10/06, the defendant began participating in the Court Assisted Recovery Effort (CARE), a program of high intensity court-assisted intervention and monitoring for offenders challenged with significant substance abuse related issues. The defendant had been a participant in the program until her incarceration on 10/4/06 as noted below.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| I | **Violation of Standard Condition # 7:** The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician. |
| | **Violation of Special Condition # 6:** The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. She must not frequent places where alcohol is the primary item for sale. |
| | **Violation of Special Condition # 4:** The defendant must participate in and successfully complete a substance abuse treatment program which may include testing, outpatient counseling, or residential placement. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Officer. |
| | **Violation of Standard Condition #3:** The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer. |

On 7/10/06, the defendant provided a urinalysis to the Probation Office which was sent to Scientific Testing Laboratories (STL) for analysis. On 7/20/06, the result of that test was received by the Probation Office and indicated that the defendant had tested positive for Hydromorphone, an indication of Oxycontin use, the defendant's drug of choice.

Erin Marie Eckert  
Case Number: 05-10207  
Prob 12C

- 2 -

Second Amended Petition and Affidavit for Warrant or  
Summons for Offender Under Supervision

On 7/21/06, the defendant reported to the Probation Office and provided a urinalysis which was sent to STL for analysis. On that date, a discussion was held with the defendant regarding the 7/10/06 positive drug test result. Although use was originally denied, the defendant ultimately reported that she used 40 mgs. of Oxycontin on 7/9/06 and again on 7/18/06. The defendant denied a need for detoxification and residential treatment options were reviewed.

On 7/24/06, the defendant reported to the Probation Office and provided a urinalysis and, in addition to the sample being sent to STL for analysis, an Oxycontin dipstick test was conducted on the sample which indicated that the defendant tested positive for Oxycontin. Following that test, the Probation Office facilitated the defendant speaking to and meeting with treatment providers in order for an immediate and long-term treatment response to be coordinated. Through that effort it was determined that the defendant was in need of detoxification and arrangements were made for the defendant's admission to the Center for Addictive Behaviors Detoxification Program (CAB Detox) in Boston. The defendant was instructed to report to and complete the CAB Detox. She agreed to comply and was admitted into CAB Detox on 7/24/06.

On the afternoon of 7/25/06, this writer met with the defendant at CAB Detox. At that time, the defendant shared that her drug use had been more intensive than originally disclosed and reported that, while she began by taking 40 mgs. of Oxycontin per day, "within a matter of days," her use had increased to at least 80 mgs, four times per day. The defendant was extremely tearful and reported being frightened by the gravity of her addiction. The defendant reiterated her intent to complete CAB Detox and was instructed to do so. Further, post-detoxification long-term treatment options which had been introduced on 7/24/06 were further discussed; namely that the defendant enter into the Meridian House residential program in East Boston upon her completion of CAB Detox. The defendant expressed her intent and desire to do so and arrangements were made for her to be admitted into that program upon her completion of CAB Detox.

On the evening of 7/25/06, the defendant left CAB Detox against medical advice and without the knowledge or permission of the Probation Office. The defendant left a number of voice mails that evening indicating she had done so and expressed her intention to enter into another detoxification program. She ultimately entered into and completed the Adcare detoxification program in Worcester.

On 7/31/06, following her completion of Adcare Detox, the defendant self-surrendered on the warrant that had been issued by Your Honor pursuant to the instant matter, and appeared before the Honorable Judith Dien, U.S. Magistrate Judge. At that time, Judge Dein released the defendant on bail conditions pending the final revocation hearing on this matter before Your Honor. Among bail conditions ordered were that the defendant comply with all standard and special conditions of her Probation and, in addition, that she immediately enter into the Meridian House in East Boston, remain in that program and comply with all program rules and regulations.

Following the above-referenced 7/31/06 appearance before Magistrate Judge Dien, the defendant was released on bail conditions and immediately entered into the Meridian House. As noted above, the Meridian House had been the program the Probation Office had made arrangements for the defendant to enter prior to her having left CAB Detox, against medical advice.

As noted in the attached termination letter from the Meridian House, the defendant was terminated from that program on 10/3/06. As the defendant's termination from Meridian House constituted a violation of her bail conditions, a hearing on the matter was held on 10/4/06 before Magistrate Judge Dien at which time the defendant was ordered detained.

| | | |
|---|---|---|
| Erin Marie Eckert<br>Case Number: 05-10207<br>Prob 12C | - 3 - | Second Amended Petition and Affidavit for Warrant or<br>Summons for Offender Under Supervision |

**II**      **Violation of Standard Condition of supervision that the defendant shall not commit any federal, state or local crime.**

On the date of and prior to the defendant's termination from the Meridian House, program staff found a number of empty prescription bottles for the medication Neurontin in the defendant's room. The medication was reportedly prescribed by the defendant's physician, Ellen Malsky, M.D. In addition to it being a violation of program rules to possess medications in one's bedroom, staff were concerned about the numbers of pills prescribed and unaccounted for. Additionally, as noted in the termination letter from Meridian House, the defendant was believed to have taken a prescription pad from her physician without authorization.

In October of 2006, the Drug Enforcement Administration (DEA) began to investigate whether the defendant had been obtaining prescriptions by fraud.

According to a 10/18/06 DEA report, on 10/5/06, the DEA obtained the defendant's patient profile from High Pharmacy, 54 High Street, Charlestown, MA, for medications the defendant had received from that location dating back to January of 2006. The pharmacy records showed that between 1/5/06 and 10/3/06, the defendant had obtained Neurontin approximately 68 times for a total of approximately 2,095 pills. On 10/17/06, the DEA interviewed Dr. Malsky who confirmed that the defendant was her patient and that Dr. Malsky had written prescriptions for Neurontin for the defendant as follows:

- 1/06, (90) pills with two refills, intended to last until 4/06;
- 4/06, (120) pills with two refills, intended to last until 7/06;
- 7/06, (90) pills with two refills, intended to last until 8/06;
- 8/06, (120) pills with two refills

Total: 1,080 pills

Dr. Malsky further stated that she did not give the defendant a prescription pad and was "embarrassed" that the defendant had obtained one.

**U.S. Probation Officer Recommendation:**

The term of supervision should be:
    [X]    Revoked
    [ ]    Extended for year(s), for a total term of years.

[ ]    The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Reviewed/Approved by:                                 Respectfully submitted,

                                             By

Jonathan Hurtig                                          Andrew J. Laudate
Supervising U.S. Probation Officer                Sr. U.S. Probation Officer
                                                                Date: 10/20/06

**THE COURT ORDERS**
[ ]    No Action
[ ]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

                                                               Signature of Judicial Officer

                                                               Date